# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 12, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KENNEDY DEESE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1127V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Influenza (Flu); Immune |
| AND HUMAN SERVICES, | * | Thrombocytopenia (ITP); |
| | * | Dismissal; Insufficient Proof; |
| Respondent. | * | Severity Requirement. |
| * * * * * * * * * * * * | | |

*Nancy D. Meyers,* Turning Point Litigation, Greensboro, NC, for petitioner.
*Claudia B. Gangi,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On August 2, 2019, Kennedy Deese ("petitioner") filed a timely petition within the National Vaccine Injury Compensation Program.[2] Petitioner claims that she developed immune thrombocytopenia ("ITP") as a result of an influenza (flu) vaccine that she received on October 16, 2018. Petition (ECF No. 1). However, the information in the record does not establish petitioner's eligibility or her entitlement to compensation.

### I.   Procedural History

On August 2, 2019, petitioner filed the petition. On September 4, 2019, I convened an initial status conference primarily to discuss whether petitioner had shown by preponderant

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

evidence that she "suffered the residual effects or complications of [ITP] for more than six months after the administration of the vaccine."  Scheduling Order (ECF No. 8), citing 42 U.S.C. § 300aa-11(c)(1)(D). Nancy Meyers appeared on behalf of petitioner.  *Id.*  Petitioner averred that her platelet count was not confirmed as within the normal range until April 18, 2019, which was six months and two days after the administration of the vaccine.  *Id.*; *see also* Pet. Ex. 4 at 97.  Petitioner also averred that following the vaccination, she maintained her employment as an emergency medical technician ("EMT") but remained on light desk duty until May 20, 2019.  *Id.*; *see also* Pet. Ex. 4 at 71, 97.  Petitioner confirmed that she had no additional records from the Levine Cancer Institute.  *Id.*  Petitioner had been participating in physical therapy to improve her strength and stamina.  *Id.*  Afterwards, petitioner filed additional records as Exhibits 5 – 9.

On June 15, 2020, respondent filed his report pursuant to Vaccine Rule 4(c), in which respondent recommended that compensation be denied.  Resp. Report (ECF No. 22).  Respondent averred that petitioner had failed to meet the severity requirement and also had not established causation-in-fact.  *Id.* at 7-8.

During a July 6, 2020 status conference, I stated that petitioner should file any updated medical records.  Scheduling Order (ECF No. 24).  Petitioner and any other individuals with helpful recollections should file affidavits addressing her condition before and after the vaccination, to address the six-month issue.  *Id.*  I also stated that petitioner would very likely need a medical expert to address both the six-month issue (particularly whether an individual can have residual effects or complications of ITP after his or her platelets have normalized, as petitioner's platelets did by April 18, 2019) and causation-in-fact (with particular attention to the temporal association between her vaccine on October 16, 2018 and the first symptoms, of bilateral leg weakness, beginning approximately 48 days thereafter).  *Id.*  Ms. Meyers confirmed that petitioner's health was currently good and she had not had any relapses of ITP.  *Id.*  Ms. Meyers stated that she and petitioner would have a candid conversation about these issues and further proceedings.  *Id.*  Respondent's counsel Ms. Claudia Gangi confirmed respondent's position and the above summary of the claim.  *Id.*  Petitioner was ordered to file additional affidavits within 30 days, by August 6, 2020 and an expert report within 60 days, by September 8, 2020.  *Id.*

On August 5, 2020, petitioner filed an unopposed motion for extension of time to file the affidavits.  Pet. Mot. (ECF No. 25).  Petitioner was in the process of securing an appointment with her physician to discuss her medical course after the vaccine in detail, including her symptoms after six months post-vaccine.  *Id.*  Petitioner was granted an additional 60 days, until October 5, 2020, to file the affidavits and petitioner's deadline to file an expert report was extended accordingly.  Orders (Non-PDF) filed October 5, 2020.

On October 2, 2020, petitioner filed a status report, in which petitioner's counsel Ms. Meyers respectfully reported that no affidavits would be filed at that time.  Pet. Status Report (ECF No. 26).  Ms. Meyers anticipated filing a motion to withdraw as counsel within the next 60 days and represented that petitioner would continue the matter *pro se* until she retains alternate counsel.  *Id.*

On October 8, 2020, I issued an Order to Show Cause which detailed the above procedural history and the evidence filed to date. Order to Show Cause (ECF No. 27) at 1-4. I summarized:

> [T]he evidence tends to support that petitioner received a flu vaccine on October 16, 2018 and that she experienced the onset or first manifestation of symptoms of ITP by December 3, 2018 (based on her one-week history of muscle cramps upon presenting to Carmel Family Physicians, where bloodwork confirmed that she had low platelet counts). Later in December 2018, petitioner received steroids which were associated with improved platelet counts. On January 31, 2019, Dr. Knovich recorded that petitioner's abdominal splenic pain was resolved, her platelet count was "near normal", and that she was probably "like a typical pediatric ITP [patient] with relatively quick recovery". However, Dr. Knovich continued to support petitioner's limitation to desk duty based on *petitioner's* belief that her improvement was due to routine hours and less stress. But by April 18, 2019, petitioner's platelet count had returned to squarely within the normal range. Dr. Knovich continued to support her limitation to desk duty until only May 20, 2019. It seems more likely than not that consistent with Dr. Knovich's note, that petitioner had a "relatively quick recovery" from ITP, without sequelae persisting for at least six months after the date of vaccination.[3] This is consistent with the most common evolution of the condition and appears to be true in petitioner's case. I am not inclined to find that petitioner's requests for continued monitoring or petitioner's own worry of possible ITP relapse fulfills the severity requirement.[4]

Order to Show Cause at 4-5. I recognized that Ms. Myers wished to withdraw her representation from the case but had not yet filed the necessary motion. *Id.* at 5. I directed Ms. Meyers to promptly forward the Order to Show Cause to petitioner and to file any materials that petitioner wished to provide to the Court. *Id.* Petitioner was ordered to show cause **why the claim should not be dismissed for insufficient proof of severity within 30 days, by Monday, November 9, 2020**. *Id.* At a minimum, petitioner and at least one other witness with independent

---

[3] The Vaccine Act states that petitioner must demonstrate that her injury lasted "for more than six months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D). Respondent in his Rule 4(c) report accepts the plain text of the statute. Resp. Report at 7-8. This is also the most favorable reading of the statute for the petitioner.

However, in some cases, special masters have interpreted the severity requirement to run from the date of onset. *See, e.g.*, *Crabbe v. Sec'y of Health & Human Servs.*, No. 10-762V, 2011 WL 4436724 at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2011) ("The primary factual issue is whether Rory's ITP was resolved prior to six months after the onset of his symptoms on April 11, 2009"); *see also Wagner v. Sec'y of Health & Human Servs.*, No. 17-1388V, 2019 WL 3297509 at *5 and at n. 10 (Fed. Cl. Spec. Mstr. May 8, 2019) (stating that the date of onset is "more equitable," but noting that other special masters have read the section the other way, e.g., *Uetz v. Sec'y of Health & Human Servs.*, No. 14-29V, 2014 WL 7139803 (Fed. Cl. Spec. Mstr. Nov. 21, 2014)).

[4] Contrast to *Wright v. Sec'y of Health & Human Servs.*, 146 Fed. Cl. 608, 614 (Fed. Cl. 2019) (granting review and holding that the severity requirement was met when *treating physicians* ordered repeat platelet counts based on the vaccinee's history of ITP and continued bruising and in one, instance, petechiae, even though those platelet counts came back normal).

recollections of her condition both before and after the vaccination should submit affidavits (written statements) supporting that her ITP and residual symptoms persisted for at least six months.  *Id.*  Preferably, petitioner should file a treating medical provider or expert's opinion supporting the six months requirement.  *Id.*  Petitioner was reminded that if the case proceeded, she would also have the burden of proving, most likely through a medical professional's opinion, that the flu vaccine was the cause in fact of her ITP.  *Id.*  Alternatively by the same deadline of Monday, November 9, 2020, petitioner was permitted to file a motion for a decision dismissing her claim.  Petitioner was warned that failure to file a response to the Order to Show Cause would result in involuntary dismissal of petitioner's claim for insufficient proof.  *Id.*

On November 9, 2020, Ms. Meyers filed a status report.  Pet. Status Report (ECF No. 28).  Ms. Meyers avers that she emailed petitioner the Order to Show Cause on October 6, 2020 (the day the Order was issued) and five follow-up emails reminding petitioner of the deadline to respond.  *Id.*  Petitioner has not responded to Ms. Meyers, her attorney of record who has been directed to file any materials that petitioner wished to provide to the Court.  Neither has petitioner independently mailed any materials or made any contact with the Court to date.

## II.     Analysis

Petitioner's claim may properly be dismissed on substantive grounds.  First, section 300aa-11(c)(1)(D) of the Vaccine Act requires, as a prerequisite for eligibility to proceed in the Vaccine Program, that a petitioner establish an injury that is sufficiently severe.  The petition, affidavit, and supporting evidence must demonstrate that the individual "(i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than six months after the administration of the vaccine."[5]  42 U.S.C. § 300aa-11(c)(1)(D).  Under the Vaccine Act: "The special master or court may not make [a finding of entitlement] based on the claims of a petitioner alone".  Rather, the petition must be "[s]ubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1)(A).  As detailed in the Order to Show Cause issued on October 8, 2020 and repeated above, the current evidence does not demonstrate the severity requirement.

Second, petitioner has the burden of establishing entitlement to compensation through one of two ways.  The first way is to establish that the vaccinee suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time.  § 300aa-11(c)(1).  Here, the evidence does not support that petitioner suffered a Table Injury.  Thus, petitioner must proceed on the second route – she must establish that the vaccine actually caused (or "caused in fact") her injury.  § 300aa-13(a)(1)(A).  Under the relevant test, petitioner must establish (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury.  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Here, the medical records do not establish causation-in-

---

[5] The remaining subsections provide that the severity requirement may be met through a showing that the injury claimed resulted in (ii) death or (iii) hospitalization *and* surgical intervention.  There is no allegation that the present claim meets the severity requirement through either of these subsections, rather, petitioner is limited to (i) six months' sequelae.

fact and petitioner has not submitted an expert report. Therefore, it is appropriate to dismiss petitioner's claim for insufficient proof of the severity requirement as well as causation-in-fact.

Additionally, petitioner's claim may properly be dismissed for failure to comply with my orders. A petitioner's inaction and failure to abide by a special master's order risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 1992, *aff'd per curiam without opin.*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl 503 (1996); Vaccine Rule 21(b). Petitioner has failed to comply with the Order to Show Cause, to file additional evidence to support her claim. Additionally, petitioner has not responded to multiple messages from her attorney of record.

### III.     Conclusion

Petitioner's claim is dismissed for insufficient proof and for failure to prosecute. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).